UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA EGGLESTON,<br><br>            Plaintiff,<br><br>    v.<br><br>BRUCKNER TRUCK SALES INC., et al.,<br><br>            Defendants. | CASE NO. C25-1467JLR<br><br>ORDER |

On July 16, 2025, Plaintiff Joshua Eggleston initiated the instant putative class action in state court alleging that Defendant Bruckner Truck Sales Inc.'s ("Bruckner") violated the Washington Equal Pay and Opportunities Act ("EPOA"), ch. 49.58 RCW, and in particular, RCW 49.58.110, in connection with its failure to disclose a wage scale or salary range in its job postings. (*See* Compl. (Dkt. # 1-1)); *see* RCW 49.58.110(1)(a). The EPOA, in relevant part, provides a private right of action to employees and "job applicants" for violations of the statute. *See* RCW 49.58.110(4), (5).

ORDER - 1

1    Bruckner timely removed the action to this court on August 4, 2025.  (*See*
2    Removal Not. (Dkt. # 1).)  On August 11, 2025, Bruckner moved to dismiss the
3    complaint for lack of Article III standing, arguing, in pertinent part, that neither Mr.
4    Eggleston nor any putative class members had alleged they were bona fide job applicants
5    for the positions they applied for or that they suffered a cognizable injury-in-fact.  (*See*
6    MTD (Dkt. # 7) at 3-7.)  In the alternative, Bruckner argues that the case should be
7    dismissed for improper venue or transferred to the Eastern District of Washington.  (*Id.* at
8    7-12; MTD Reply (Dkt. # 11) at 1-2.)

9    Mr. Eggleston opposed Bruckner's motion to dismiss.  (*See* MTD Resp. (Dkt.
10   # 9).)  Although Mr. Eggleston agrees that he and the putative class members lack Article
11   III standing, he argues the case should be remanded to state court, rather than dismissed.
12   (*See* MTD Resp. (Dkt. # 9) at 1, 5-10.)  Mr. Eggleston argues in the alternative that venue
13   is proper in this district.  (*Id.* at 10-11.)  On September 2, 2025, Mr. Eggleston moved to
14   remand this action to state court.  (MFR (Dkt. # 10).)

15   The parties completed briefing on Bruckner's motion to dismiss on September 8,
16   2025.  (*See* MTD; MTD Resp.; MTD Reply.)  Briefing is set to be completed on Mr.
17   Eggleston's motion to remand on September 30, 2025.  (*See id.*); Local Rules W.D.
18   Wash. LCR 7(d)(4) (stating that motions for remand shall be noted for consideration no
19   earlier than 28 days after filing).

20   On September 4, 2025—after Bruckner filed its motion to dismiss and after Mr.
21   Eggleston filed his response—the Washington Supreme Court issued its decision in
22   *Branson v. Washington Fine Wine and Spirits, LLC*, --- P.3d ---, No. 103394-0, 2025

WL 2536266 (Wash. 2025). In that decision, the Washington Supreme Court addressed the question of what a plaintiff must prove to be considered a "job applicant" within the meaning of RCW 49.58.110(4)—and specifically, whether the applicant must prove they are a "bona fide" applicant. *See Branson*, 2025 WL 2536266, at *3. The Washington Supreme Court held:

> A job applicant need not prove they are a 'bona fide' applicant to be deemed a 'job applicant.' Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a 'job applicant,' regardless of the person's subjective intent in applying for the specific position.

*Id.* at *17. Bruckner asserts that *Branson* "resolve[s]" the parties' dispute regarding standing and moots its arguments for dismissal based on standing. (*See* MTD Reply at 1, 3.) Bruckner accordingly withdraws its motion to dismiss for lack of standing, and asks the court to resolve only its motion to dismiss for improper venue, or in the alternative, to transfer this action to the Eastern District of Washington. (*Id.* at 3-8.)

      Bruckner does not fully address Mr. Eggleston's standing argument in its reply brief. (*See generally* MTD Reply.) Rather, Bruckner asserts that it will "further respond" to Mr. Eggleston's standing argument in its response to Mr. Eggleston's motion to remand. (MTD Reply at 4 n.2.) Bruckner also asks the court to resolve the motion to dismiss and motion to remand together because the issues in its motion to dismiss "substantially overlap with those raised" in Mr. Eggleston's motion to remand. (*Id.* at 4 n.3.) The court observes that Mr. Eggleston has also asked the court to resolve his

ORDER - 3

motion to remand before addressing Bruckner's motion to dismiss. (*See* MTD Resp. at 5.)

In light of the foregoing, the court agrees that it is appropriate for the court to defer resolution of Bruckner's motion to dismiss until briefing is complete on Mr. Eggleston's motion to remand. Accordingly, the Clerk is DIRECTED to renote Bruckner's motion to dismiss (Dkt. # 7) for **September 30, 2025**. The court will address the parties' motions after that date.

Dated this 9th day of September, 2025.

JAMES L. ROBART
United States District Judge