1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA EGGLESTON,<br><br>             Plaintiff,<br><br>     v.<br><br>BRUCKNER TRUCK SALES INC., et al.,<br><br>             Defendants. | CASE NO. C25-1467JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Defendant Bruckner Truck Sales Inc.'s ("Bruckner") motion to dismiss Plaintiff Joshua Eggleston's complaint, (MTD (Dkt. # 7); MTD Reply (Dkt. # 11); *see also* Compl. (Dkt. # 1-1)), and Mr. Eggleston's motion to remand this matter to state court (MTR (Dkt. # 10); MTR Reply (Dkt. # 17)).  Each party opposes the other's motion.  (MTR Resp. (Dkt. # 15); MTD Resp. (Dkt. # 9).)  The court has reviewed the

ORDER - 1

parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court GRANTS Mr. Eggleston's motion to remand.

## II. BACKGROUND

Mr. Eggleston alleges that Bruckner and other yet unknown Washington entities (collectively "Defendants") violated the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, by publishing defective job postings that did not disclose the wage scale and benefits being offered to the hired applicant. (Compl. ¶¶ 1-2, 10.) Mr. Eggleston initiated this putative class action in King County Superior Court on July 16, 2025. (*See* 8/4/25 Not. (Dkt. # 1) at 2.) On August 4, 2025, Bruckner removed this case to this court, asserting that federal jurisdiction is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (*Id*. at 2-5.) On August 11, 2025, Bruckner moved to dismiss the action, contending that Mr. Eggleston lacks Article III standing, or, in the alternative, for improper venue pursuant to 28 U.S.C. § 1391. On September 2, 2025, Mr. Eggleston moved to remand this action to state court for lack of Article III standing and subject matter jurisdiction. (MTD at 1.)

On September 4, 2025, while the parties' respective motions were pending, the Washington Supreme Court issued its decision in *Branson v. Washington Fine Wine & Spirits, LLC*, 574 P.3d 1031 (Wash. 2025). The Court addressed the question of what a plaintiff must prove to be considered a "job applicant" within the meaning of RCW

---

[1] Bruckner requests oral argument. (MTD at 1.) The court concludes that oral argument is not necessary to decide either motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

49.58.110(4)—and specifically, whether the applicant must prove they are a *bona fide* applicant. *Branson*, 574 P.3d at 1034. The Washington Supreme Court held:

> A job applicant need not prove they are a 'bona fide' applicant to be deemed a 'job applicant.' Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a 'job applicant,' regardless of the person's subjective intent in applying for the specific position.

*Id*. at 1040.

Bruckner asserts that *Branson* moots its arguments for dismissal based on standing. (*See* MTD Reply at 1, 3.) Bruckner accordingly withdrew its motion to dismiss for lack of standing and asked the court to resolve only its motion to dismiss for improper venue, or in the alternative, to transfer this action to the Eastern District of Washington. (*Id*. at 3-8.) Bruckner also asked the court to resolve both pending motions together because the issues in its motion to dismiss "substantially overlap with those raised" in Mr. Eggleston's motion to remand. (*Id*. at 4 n.3.) Mr. Eggleston, meanwhile, requested that the court resolve his motion to remand before addressing Bruckner's motion to dismiss. (*See* MTD Resp. at 5.) The court agreed that it was appropriate for the court to defer resolution of Bruckner's motion to dismiss until briefing was complete on Mr. Eggleston's motion to remand. (*See* 9/9/25 Order (Dkt. # 12).) Briefing on Mr. Eggleston's motion to remand is now complete and the issue is ripe for the court's review.

## III.   ANALYSIS

As discussed below, the court concludes that Mr. Eggleston lacks standing to pursue his EPOA claim in federal court.  Therefore, the court grants Mr. Eggleston's motion to remand and denies Bruckner's motion to dismiss as moot.

A defendant can remove a case initially filed in state court to federal court if the case could have originally been brought in federal court.  28 U.S.C. § 1441(a).  The court construes removal jurisdiction in favor of remand to protect state court jurisdiction. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).  Because removal and subject matter jurisdiction statutes are "strictly construed," a "defendant seeking removal has the burden to establish that removal is proper." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (*citing Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).  If there is any doubt as to the right of removal, the court must reject jurisdiction.  *Id*.  If the plaintiff lacks Article III standing to pursue its case in federal court, the court must remand the case rather than dismiss it.  *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

The parties dispute whether Mr. Eggleston has Article III standing in this court.  (*See* MTR at 4-10 (arguing Mr. Eggleston does not have standing because he failed to allege he was a *bona fide* job applicant); *see* MTR Resp. (arguing, post-*Branson,* that Mr. Eggleston has standing because he need not be a *bona fide* applicant to allege a violation of EPOA).)  Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit", *Warth v. Seldin*, 422 U.S. 490, 498 (1975), and

standing requirements "can neither be waived by the parties nor ignored by the court[.]" *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 n.17 (9th Cir. 2011). In a challenge to Article III standing, "[t]he burden of showing that there is standing rests on the shoulders of the party asserting" that standing is proper in the case. *Smelt v. Cty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

To establish standing and successfully challenge the motion to remand, Bruckner must show that Mr. Eggleston has suffered an injury-in-fact that is (1) concrete and particularized, (2) actual or imminent, (3) fairly traceable to Defendants' conduct, and (4) likely to be redressed by a favorable decision. *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018). To decide whether a statutory violation constitutes a concrete harm or injury-in-fact, the court considers (1) "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)" and (2) "whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of harm to, such interests." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021).

The court concludes that Bruckner fails to meet its burden to show Mr. Eggleston has standing and that removal to this court is proper. *Smelt*, 447 F.3d at 682. Bruckner has not shown that Mr. Eggleston suffered an injury that was concrete and particularized or actual or imminent. *Lujan*, 504 U.S. at 560-61. Bruckner also has not shown that Mr. Eggleston has alleged a "material risk of harm[.]" *Magadia*, 999 F.3d at 679.

Bruckner puts forth that it has met its burden to show that Mr. Eggleston suffered a cognizable injury sufficient to establish Article III standing because the Washington Supreme Court rejected the requirement that a EPOA plaintiff be a *bona fide* applicant. (MTR Resp. at 2, 7 (citing *Branson*, 574 P.3d at 1040).) The court rejects Bruckner's proposal that the *Branson* holding is pertinent to the court's Article III standing analysis. (*See* MTR Resp. at 2.) Although Mr. Eggleston asserts that he applied for a Bruckner job posting that did not disclose the wage scale or salary range, he contends that he does not have standing in this court because he did not plead any facts to show his intent. (MTR at 10 ("Mr. Eggleston did not plead subjective intent because it is not an element under the statute's plain language and is therefore not required to state a claim."); *id*. at 6 (affirming that Mr. Eggleston neither alleged *bona fide* applicant status nor that he engaged in pay negotiations or was offered an interview).) He also does not provide other facts that would permit the court to plausibly infer that he was exposed to a real risk of receiving unfair wages. (*See generally* Compl.) The court agrees with Mr. Eggleston. Absent a showing of *bona fide* intent or good faith, Mr. Eggleston cannot show an injury-in-fact. *See Magadia*, 999 F.3d at 679; *see also Kent v. Tech Mahindra (Americas) Inc.*, No. C24-1168BJR, 2025 WL 2810715, at *4, (W.D. Wash. Oct. 3, 2025) (affirming, post-*Branson*, that an EPOA plaintiff must show an injury-in-fact to establish federal standing regardless of the requirements to state a claim under state law); *Hill v. Les Schwab Tire Ctrs. of Wash. LLC*, No. C24-0425BJR, 2025 WL 3062646, *5 (W.D. Wash. Oct. 31, 2025) (granting a motion to remand an EPOA matter for lack of Article III standing post-*Branson* where the

defendant could not establish that plaintiff had suffered an injury-in-fact and had Article III standing).

Because Bruckner has not shown that Mr. Eggleston sufficiently alleged an injury-in-fact, it fails to establish Mr. Eggleston has Article III standing in this court, *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d at 1180. Therefore, the court grants Mr. Eggleston's motion to remand. *See Hawaii ex rel. Louie,* 761 F.3d at 1034; *Polo*, 833 F.3d at 1196.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Eggleston's motion to remand this case to the King County Superior Court (Dkt. # 10) and DENIES Bruckner's motion to dismiss (Dkt. # 7) as moot.

Dated this 11th day of November, 2025.

JAMES L. ROBART
United States District Judge